## CIRCUIT COURT OF THE CITY OF RICHMOND

Joyce R. Dolan

v.

CSX Transportation, Inc.

September 17, 1993

Case No. LU-2808–1

BY JUDGE MELVIN R. HUGHES, JR.

Presently, in this case, where plaintiff sues CSX for injuries sustained when the automobile she was driving collided with a railroad train, the parties dispute whether and to what extent plaintiff is entitled to answers to certain discovery interrogatories.

After considering the parties' positions as to each interrogatory in question, the Court rules as follows:

*Interrogatories 1 and 6*:

In Interrogatory 1, plaintiff requested historical data regarding placement and removal of gates and signalling devices at the railroad crossing. Plaintiff also sought a fifteen-year accident history for the crossing. In Interrogatory 6, plaintiff asks whether any "studies or analysis" had been done by CSX to determine what safety devices would be appropriate to warn motorists of approaching trains. Defendant objects to both interrogatories on the ground that the information requested is protected from discovery by 23 U.S.C. § 409 and that the information requested is irrelevant due to federal preemption.

Defendant's preemption argument is less persuasive than its § 409 argument. Authority is clear that preemption must follow congressional intent and that Congress has shown no intent to totally preempt the field of railway-highway crossing safety. In *CSX Transportation, Inc. v. Easterwood*, — U.S. —, 113 S. Ct. 1732, 123 L. Ed. 2d 387

(1993), the representative of a truck driver who was killed when struck by a train brought suit against the railroad alleging negligence with regard to train speed, foliage control, and crossing design. The Court ruled that federal law only partially preempted these issues. It held that train speed had been totally preempted, foliage control preempted only with regard to growth in the track bed, and crossing design not preempted at all with regard to the crossing at issue in the case.

The *Easterwood* Court noted that a court "interpreting a federal statute pertaining to a subject traditionally governed by state law will be reluctant to find pre-emption. Thus, preemption will not lie unless it is the 'clear and manifest purpose of Congress'." *Id.* 123 L. Ed. 2d at 396. Defendant's suggestion in the present case that "this area of regulation has been preempted by the federal government" is too broad an assertion here. Preemption issues are not determinative, rather § 409 makes protection against this discovery request certain.

23 U.S.C. § 409 provides protection from discovery for "reports, surveys, schedules, lists or data" only if they were "compiled for the purpose of identifying, evaluating, or planning the safety enhancement of . . . railway-highway crossings, pursuant to sections 130 [Railway-highway crossings], 144 [Highway bridge replacement and rehabilitation program], and 152 [Hazard elimination program]," or "for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds . . . ."

Defendant apparently relies on the first portion of the above-quoted language, which expressly protects data compiled with regard to railway-highway crossings. Since it would be relatively easy for defendant to credibly suggest that it compiles such data for safety planning and evaluation purposes, the congressional language seems to be directly applicable to this situation. The motion to compel Interrogatories 1 and 6 is therefore overruled because there is obvious congressional intent to prevent this type of discovery.

*Interrogatory 3*:

Plaintiff's third interrogatory asked for the names and addresses of all persons known to CSX to have information about the accident, including eyewitnesses, employees of CSX, and private consultants working for CSX. Defendant responded by providing the names and addresses of all known eyewitnesses, the crew members, and the in-

vestigating police officer. Defendant objected to the remainder of the request on the basis that its internal investigation of the accident is protected by the work product doctrine.

Defendant cites Judge Markow's ruling in *Floyd C. Smith v. National Railroad Passenger Corp.*, 22 Va. Cir. 348 (1991), in support of its work product objection. However, Judge Markow's opinion that "reports which were produced" from accident investigations are protected by the work product rule does not necessarily suggest that names and addresses would likewise be protected. Unless defendant can demonstrate that plaintiff's request represents a serious threat to its privileged work product, I see no reason why such a list should be protected.

*Interrogatory 7*:

Defendant asserts that because caboose safety signals are covered by federally mandated safety requirements, any studies conducted by CSX in that area are automatically irrelevant and thus beyond the scope of discovery. I fail to see why defendant's studies of how to effectively comply with federal caboose safety requirements can be irrelevant when the injury in this case was caused by a caboose going backward on the track. Since this is possibly the very type of injury the federal requirements were designed to prevent, it seems logical that defendant's studies of how to implement those safety standards would be quite relevant to the current proceeding.